## In re KIPS BAY BREWING & MALTING CO.

## UNITED STATES v. KIPS BAY BREWING & MALTING CO.

District Court, S. D. New York. September 19, 1928.

Charles H. Tuttle, U. S. Atty., of New York City (James Hendrick Terry and Robert B. Watts, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Sanford H. Cohen, of New York City (John M. Cashin and George Cohen, both of New York City, of counsel), for defendant.

FRANK J. COLEMAN, District Judge. This motion for the return of certain intoxicating liquor and for the suppression of evidence is denied. I believe the commissioner

erred in vacating the search warrant. The papers upon which it was granted are not perfect, but they are ample to show probable cause. The certificate of the government's official chemist should have been verified, but the verification would have added practically nothing to its probative value. It is common practice even in a criminal trial to accept such a certificate in lieu of testimony, because counsel assume that its probative force is about the same. It sufficiently supports the allegation in Gibbons' affidavit as to the alcoholic content. Furthermore, the allegations in regard to the third truck are not as complete as they should be but they are sufficient in view of all the circumstances set forth in the affidavits. It was a legitimate inference that all the trucks, acting in concert, had come from the garage which was actually a part of the brewery notwithstanding the alleged lease, and, furthermore, that they had been loaded with kegs from the brewery. This inference would not have been strong enough to sustain a conviction, but it was sufficient to constitute probable cause for believing that a crime was being committed. The whole setting must be considered in determining the strength of this inference, and not merely the force of isolated allegations. Common sense is not barred by the Fourth and Fifth Amendments.